UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

DONYELL HACKETT ,

      Plaintiff,                                  DEMAND FOR JURY TRIAL

-vs-                                                    Case No.
                                                           Hon.

GOCH & SONS TOWING INC.,

      Defendant.

## COMPLAINT & JURY DEMAND

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

4. The Plaintiff to this lawsuit Resides in Detroit, Michigan in Wayne County.

5. Goch & Sons Towing, Inc., ("G&STI") is a corporation doing business in Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Wayne County.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. Prior to November 14, 2014, Plaintiff's landlord hired G&STI to enforce the terms of the Plaintiff's lease regarding the dispossession or disablement of illegally parked vehicles.

9. On or about November 14, 2014, Plaintiff owned a certain 1999 Ford Taurus, VIN 1FAFP53U8XA114212 ("the vehicle").

10. On or about November 14, 2014, the vehicle was not parked illegally at the Plaintiff's residence and the landlord had not assessed a fine or tagged the vehicle for towing.

11. Under the terms of the Plaintiff's lease, the landlord may take possession of or disable illegally parked vehicles and levy fines against tenants who park cars illegally.

12. On or about November 14, 2014, G&STI dispossessed the Plaintiff of his vehicle with no present right to do so.

13. Plaintiff demanded return of the vehicle and G&STI refused to return the vehicle.

14. Defendant has demanded sums in excess of the value of the vehicle which Defendant seized illegally.

15. It would cost the Plaintiff approximately $4,000.00 to replace the vehicle with a similar, running vehicle.

16. Plaintiff has suffered damages as a result of G&STI's violations of the FDCPA and the conversion of his vehicle.

### COUNT I – Fair Debt Collection Practices Act (G&STI)

17. Mr. Hackett incorporates the preceding allegations by reference.

18. At all relevant times G&STI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. G&STI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. G&STI's foregoing acts in attempting to collect this alleged debt against Mr. Hackett constitute violations of the FDCPA.

21. Mr. Hackett has suffered damages as a result of these violations of the FDCPA.

### COUNT II -- Statutory Conversion (G&STI)

22. Plaintiff incorporates the preceding allegations by reference.

23. The acts and omissions described herein constitute a willful or intentional conversion under MCL § 600.2919a entitling Plaintiff to recover treble the value of the money or property converted.

### COUNT III -- Common Law Conversion (G&STI)

24. Plaintiff incorporates the preceding allegations by reference.

25. The acts and omissions described herein constitute a conversion at common law entitling Plaintiff to recover the value of the money or property converted.

### Demand for Jury Trial

26. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Mr. Hackett requests that the Court:*

a. *Assume jurisdiction over all claims.*

b. *Award actual damages.*

c. *Award statutory damages.*

d. *Award punitive damages.*

e. *Award treble damages.*

f. *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    <u>s/ Adam G. Taub</u>
                Adam G. Taub (P48703)
                Attorney for Donyell Hackett
                17200 West 10 Mile Rd. Suite 200
                Southfield, MI 48075
                Phone:  (248) 746-3790
                Email:   adamgtaub@clgplc.net

Dated: February 24, 2015